THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

DOHERTY KUSHIMO

    PETITIONER

v.

WARDEN SPAULDING,

FEDERAL MEDICAL CENTER, DEVENS MA

    RESPONDENT                CASE #

EMERGENCY MOTION IN SUPPORT OF PETITIONER'S 28 U.S.C.§2241

SEEKING RELIEF IN LIGHT OF AN IMMINENT THREAT OF CONTRACTING COVID-19

INTRODUCTION

    Now comes Doherty Kushimo, the "Petitioner" in the above captioned matter, respectfully asking that his sentenced be modified to Home Confinement or reduced, because his sentence was executed in such a manner, with living arrangements and prison conditions which is conducive to the spread of the COVID-19 virus. Resulting in his inability to social distance to avoid infection with the deadly disease, and if contracted, which in his case, it could be fatal.

    Mr. Kushimo is a 58 year old, African American male, who medical experts have recently stated are more susceptible to contracting the COVID-19 virus. Although he does not have any underling medical conditions his ethnicity and his age makes him vulnerable.

    This apparent reason, caused us to ask that the court finds that

Mr. Kushimo's potential exposure to the virus, is an exceptional circumstance, which warrants immediately releasing him on bail and then transferring him to serve the remainder of his sentence in Home Confinement, or reducing his sentence. Looking at the pandemic prospectively, a vaccine would not be available to the American population for at least another 18 months, therefore the risk of infection remains imminent.

"Prisoners retain the essence of human dignity inherent in all persons" and "[r]espect for that dignity animates the Eight Amendment prohibition against cruel and unusual punishment" Brown v. Plata, 563 U.S. 131 S. Ct. (2011) at 510(citing Atkins v. Virginia, 536 U.S. 304, 311 (2002)("The basic concept underlying the Eight Amendment is nothing less than dignity of a man"(internal quotations omitted))).

"A prison official's deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eight Amendment Farmer v. Brennan, 511 U.S. 825, 828 (1994)"[When]' the state by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for basic human needs-e.g., ...medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eight Amendment. Helling v. McKinney, 509 U.S. 25, 32(1993) (citing Estelle v. Gamble, 429 U.S. 97, 103-05(1976)) "A prison that deprives prisoners of.... adequate, medical care is incompatible with the concept of human dignity and has no place in civilized society" Plata 563 U.S. at 511.

Of particular importance here, incarcerating prisoners in crowded conditions that expose them to infectious disease violates the prohibition on cruel and unusual punishment.

JURISDICTION

A "motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions"" See <u>Rodriguez v. Martinez</u> 935 F. Supp. 389, 395 (D. Mass. 2013). Therefore, Mr. Kushimo's challenge is based on his inability to social distance at the prison, a need based on the imminent spread of the COVID-19 virus.

The living conditions which involves him sharing a cube with another inmate is putting him in a position to contract the virus, amongst many other living arrangements. These are the complaints he brings forward in his pleading which fits squarely in a §2241 petition.

The district court, which was the sentencing court, would have had no jurisdiction over a true Section 2241 petition. Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinements, that motion must ordinarily be filed and heard by the district court in whose jurisdiction the petitioner is confined. See <u>See Regg v. Drew</u> LEXIS 8683 at 6 (1St. Cir. 2005).

**Mr. Kushimo Does Not Need to Exhaust The Administrative Remedy**

Mr. Kushimo filed a request with the Warden on April 13, 2020, requesting that he be released to serve the remainder of his sentence in Home Confinement, and as of the filing of this motion the Warden has not responded. EXHIBIT 1

He cannot exhaust his administrative remedy because in doing so he will not be able to obtain the relief he requested. The COVID-19 virus is a global pandemic and the United States is now the world epicenter. The prison is located in Fort Devens MA, a state which the President Of the United States,

has declared as a disaster area.

In <u>Portela-Gonzalez v. Secretary of the Navy</u>, 109 F.3d 74, 77 (1st Cir. 1997) and quoting <u>McCarthy</u> v. <u>Madigan</u>, 503 U.S. 140, 146 112 S. Ct. 1081(1992) said, "If the situation is such that "a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim: exhaustion may be excused even though: the administrative decision making schedule is otherwise reasonable and definite". Mr. Kushimo avers that any attempt to pursue administrative remedy or exhaust it will be futile, because a spread of the virus at the prison camp is imminent. According to the Governor of Massachusetts, the peak should be expected by April 30, 2020, with the Commonwealth experiencing a massive surge in cases at this time.

As of April 18, 2020, there are 34,000 cases and 1,404 deaths in Massachusetts, these are the numbers that are troubling to Mr. Kushimo and this is Mr. Kushimo's cause for respectfully seeking urgency and dispatch when the court considers his petition.

FACTUAL BACKGROUND:

On September 21, 2018 the Honorable Judge Cercone, sitting in the District of Pennsylvania sentenced Mr. Kushimo to serve a total term of 96 months of incarceration.

As of April 21, 2020 Mr. Kushimo who is incarcerated at the Federal Medical Center, Devens MA, has a scheduled release date some time around September of 2024 and he has served 22% of his statutory sentence and 20% of his gross sentence.

On April 17, 2020 Mr. Kushimo filed a request for compassionate release with the Warden of the institution where he is imprisoned and as of the filing of this motion, he has not received a response.

EXCEPTIONAL CIRCUMSTANCES:

In the Commonwealth of Massachusetts, as of the filing of this motion, more than 34,000 individuals have tested positive for the virus, resulting in at least 1,400 deaths. The majority of Bay State residents infected live in Middlesex, Suffolk, Norfolk, Worcester and Plymouth counties. FPC Devens is located in the heart of one of those counties.

According to the World Health Organization, the population most at risk of suffering a severe form of the disease include "older people, and those with underlying medical problems like cardiovascular disease, diabetes, asthma and high blood pressure."

The CDC has explained similar underlying medical conditions expose certain individuals to contracting the virus. Mr. Kushimo is 58 years old and he has previously suffered from High Blood pressure and his pleading is also related to his age and his ethnicity.

Experts have identified those patients like Mr. Kushimo as having the likelihood of contracting COVID-19, and have had a very low survival rate.

As one public health expert has explained: "if you wanted to set up a situation that would promote rapid transmission of a respiratory virus, you would say prison.

The CDC, The White House Corona Virus task force and the Commonwealth of Massachussets have recommended social distancing; which is impractical in this prison environment at FPC Devens.

Although the Warden has made a comprehensive effort to provide the inmates with masks, because of the national shortgage the inmates are required to wear their mask for 10 consecutive days. The situation at Devens, creates a climate for the virus to reek rampage and havoc amongst the inmate population and here

is why:

There is no pro-active testing occurring at the Devens institution;

Devens is a tinder box for potential infection, because there are few less space per person, than in any nursing home;

Inmates also share communal shower(s) and toilet(s);

Epidemiologists who have studied and understand the spread of respiratory diseases like COVID-19 in correctional settings urge that decreasing the prison population now can prevent outbreaks which will ultimately protect those in the facilities, employees, their families, and reduce the impact an outbreak would have on our hospitals and those in the community.

By acting now and releasing a significant number of people who are currently detained you will save lives....This would result in the courts contributing to "Flatten the curve" effort, because of the layout of the CAMP's floor plan.

There are two inmates to each cube with two bunks, one stacked on top of the other.

Other experts describe the possibility of "accelerated transmission and poor health outcomes of patients with COVID-19 in prisons and jails as "extraordinary high" due not only to the close quarters to which the inmates reside, but also the quality and quantity of available medical care; which is inadequate because of the nature of the virus.

The fact that hundreds of individuals from staff to new arrestees enter and leave detention facilities daily. These dangers are not theoretical. During COVID-19 outbreak in China, prisons became hotbeds of infections despite stringent control measures and press reports indicate that the same is now happening in Federal Prisons throughout the country and therefore, Fort Devens

is not immune from the disease. It is simply a matter of time before the disease gets a hold of the inmate population at the camp, and to say it bluntly, if Mr. Kushimo was to contract the virus because of his age and ethnicity he could die.

Attorney William Barr has directed the Bureau of Prisons to start releasing at risk inmates, based on certain Criteria as follows:See EXHIBIT 2

.The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities;

.The inmate's conduct in prison, with inmates who engaged in violent or gang related activity in prison or who have incurred a BOP violation within the last year not receiving priority treatment under this Memorandum;

.Whether the inmate has demonstrated and verifiable re-entry plan that will prevent recividism and maximum public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting than the inmate would face in his or her BOP facility;

.The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses should weigh more heavily against consideration for home detention.

Mr. Kushimo has a PATTERN risk score of minimum and meets all other requirements, but he was not selected by the BOP for Home Confinement.

While other prison CAMPS like Loretto Pennsylvania and Fort Dix are releasing inmates to reduce the prison population, the Staff at Devens is actually spinning the inmates by telling them that they are on a list from the regional office and then disqualifying them for many unknown reasons. As of the filing

of this motion not one inmate has been released from Devens, there are a lot of promises but no action on Devens part. They are now operating in defiance of Barr's memo.

One court in this district, and other courts elsewhere have granted habeas relief to civil immigration detainees who also face risks of infection, illness and death due to COVID-19. see, e.g. <u>Avendano-Hernandez-v. Decker,</u> No. 20-cv-1589(JPO)(S.D.N.Y) (ordering immediate release of habeas petitioner); <u>Calderon Jiminez v. Wolf.</u> No. 18-cv-10225-MLW(D.Mass.Mar.26, 2020) (finding "extraordinary circumstances exist that make the grant of bail necessary.....to make the habeas remedy effective"), since that case was filed on March 27, the court released 43 detainees on bail, pending a decision on the merits of their underlying habeas claims.

Similarly, this Court should immediately implement an efficient and effective process, to ensure that Mr. Kushimo is immediately released on bond, pending the outcome of his habeas petition. see additional cases in support of Mr. Kushimo's motion, **United States v. Zuckerman** (S.J.) N.Y. April 3, 2020) modifying defendants sentence to replace his outstanding term of imprisonment with an equal period of home confinement), See **United States v. Campagna,** 2020 WL 1489828 (S.D. N.Y. Mar. 27 2020) modifying defendant's sentence to replace his outstanding term of imprisonment with and equal period of home incarceration), **United States v. Foster** No. 1:14-cr-324-02 (MD Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment "extraordinary and compelling", and we well believe that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not be expected to

recover" U.S.S.G.§1B1.13. In addition to making this finding, a court considering a request for compassionate release must find that the defendant is not a danger to the safety of any other person or the community. Finally, the court must apply the factors contained in U.S.Code Title 18, Section 3553(a) which guide sentencing generally.

It is with this guidance in mind from the Sentencing Commission, that, Mr. Kushimo respectfully ask that the court finds that his age and his ethnicity could cause him "serious medical condition(s)" that substantially diminishes the ability to provide self-care within the environment at Fort Devens CAMP, in the context of COVID-19 which he is not expected to recover, and would imperil his survival. This is why he is making his request for relief, which he finds is <u>extraordinary and compelling.</u>

RELIEF REQUESTED

Mr. Kushimo respectfully requests that the court releases him to Home Confinement, or modifies his sentence, where he will serve the remainder of his sentence with his wife and two sons and he will reside at 240 Massachusetts Avenue, Providence Rhode Island and the phone number there is 401-225-1777.

He also states that when considering his ability to comply with conditions imposed by the court, that he was on pre-trial release for almost four years without incident.

He states that due to the fact that he cannot practice social distancing at the prison, his apparent risk to contracting the virus as it rapidly spreads throughout the Bureau of Prisons, he respectfully ask that this court exercise its discretion and jurisdiction and find that the prison conditions and his imminent threat of contracting the virus, allows him to serve the remainder of his sentence under Home Confinement with conditions approved by this court, or

to reduce his sentence and allow him to begin his supervised release.

Respectfully Submitted,

Doherty Kushimo

Federal Medical Center, Devens MA

P.O. Box 879

Ayer, MA 01432

April 21, 2020

CERTIFICATE OF SERVICE

I Doherty Kushimo, certify that on April 21, 2020 I mailed a copy of this motion by First Class Mail, United States Postal Service, to the Clerk of Courts for filing and the government will be notified electronically.

Respectfully

Doherty Kushimo

April 21, 2020